UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jill Loftus,                                                Case No. 3:21-cv-1778

              Plaintiff,

      v.                                              MEMORANDUM OPINION
                                                        AND ORDER

North Wind Portage, LLC, *et al.*,

              Defendants.

## I. INTRODUCTION AND BACKGROUND

On February 21, 2020, Plaintiff Jill Loftus filed suit against Defendants Project Services Group, LLC ("PSG"), North Wind Portage, LLC, and Erie Insurance Company (as well as several other entities and individuals which no longer are part of this litigation) in the Wood County, Ohio Court of Common Pleas. Loftus asserted claims against the Defendants which arose from an August 2019 motor vehicle accident in which she was injured. Loftus voluntarily dismissed her claims without prejudice on April 1, 2021, reserving her right to re-file within one year of the dismissal pursuant to the Ohio Savings Statute, Ohio Revised Code § 2305.19.

On August 18, 2021, Loftus re-filed her complaint. Service of the complaint on Erie and PSG was completed on August 31, 2021. (Doc. No. 1-1 at 2). The state court docket does not indicate when service was completed on North Wind, but North Wind has since filed an answer to Loftus' complaint. (Doc. No. 5).

On September 15, 2021, PSG filed a notice of removal pursuant to 28 U.S.C. § 1446, asserting this Court has diversity jurisdiction to hear this case under 28 U.S.C. § 1332. (Doc. No. 1). PSG represented North Wind expressly consented to the removal. (*Id.* at 3).

Loftus has filed a motion to remand this case back to the Wood County Court of Common Pleas. (Doc. No. 7). PSG filed a brief in opposition to Loftus' motion. (Doc. No. 9). Loftus filed a reply brief in support of her motion. (Doc. No. 10). Neither of the other two Defendants have responded to the motion to remand. For the reasons stated below, I grant Loftus' motion.

## II. DISCUSSION

"A defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 . . . and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders" which have been served upon the defendant or defendants in the state court. 28 U.S.C. § 1446(a). The notice of removal must be filed within 30 days of service on the defendant of "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

Loftus argues Defendants' right to remove this case expired 30 days after the filing of her original complaint, or March 21, 2020. (Doc. No. 7 at 3-4). This argument is not persuasive. "When a complaint is voluntarily dismissed without prejudice, as was the First Complaint, in the eyes of the law it is 'as if the action had never been filed.'" *Smith v. Kyphon, Inc.*, No. CIV. A. 3:08CV0329, 2008 WL 2566429, at *2 (M.D. Tenn. June 24, 2008) (quoting *Choot v. Cal Gas Corp.*, 746 F. Supp. 1377, 1378 (E.D. Mo. 1990) and 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2367, at 186 (1971)). *See also West v. Bd. of Shawnee Cnty. Commissioners*, No. 19-3090-JWB, 2019 WL 3801650, at *2 (D. Kan. Aug. 13, 2019) (collecting cases). The 30-day clock started anew when Loftus re-filed her complaint on August 18, 2021.

But, while PSG's notice of removal was timely, it also was fatally defective. The Sixth Circuit has adopted the "rule of unanimity," which requires "that all defendants in the action must join in the removal petition or file their consent to removal in writing" within 30 days of receiving service of the complaint. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). Erie did not expressly consent to removal, (*see* Doc. No. 1 at 3), and has not offered its consent since PSG filed the notice of removal.

While acknowledging Erie had not consented to the removal at the time PSG removed the case, PSG argues Loftus' motion was premature. (Doc. No. 9 at 2-3). PSG states "§ 1446(b) provides that there is a thirty-day time limitation for consenting to or joining in the removal by a co-defendant." (*Id.* at 3). PSG appears to imply the notice of removal resets the 30-day deadline.

But § 1446(b) unmistakably provides that the pertinent event is the "receipt by the defendant . . . of a copy of the initial pleading setting for the claim for relief." 28 U.S.C. § 1446(b)(1) (emphasis added); *see Local Union No. 172 Int'l Ass'n of Bridge, Structural Ornamental & Reinforcing Ironworkers v. P.J. Dick Inc.,* 253 F. Supp. 2d 1022, 1024 (S.D. Ohio 2003) ("[U]nanimity [must] be demonstrated within 30 days of the date that the removing defendant was served with process in the state court.").

Section 1446 is "to be narrowly construed," *First National Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002), and the plain language of the statute cannot support the interpretation PSG would ascribe to it.

### III. CONCLUSION

For the reasons stated above, I conclude this case was not properly removed pursuant to § 1446, grant Loftus' motion, and remand this case to the Wood County Court of Common Pleas.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3